UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEO BARRY,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                 Defendants. | Case No.:  25-CV-2465 TWR (MMP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 8) |

Presently before the Court is Defendants Nicolas Medina and the City of San Diego's Motion to Dismiss ("Mot.," ECF No. 8), Plaintiff Cleo Barry's Response in Opposition to ("Opp'n," ECF No. 12), and Defendants' Reply in Support of ("Reply," ECF No. 13) the Motion.  The Court heard oral arguments on March 12, 2026.  (*See* ECF No. 14.)  Having carefully considered Plaintiff's First Amended Complaint ("FAC," ECF No. 4.), the Parties' arguments, and the relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

## BACKGROUND

### I.      The Parties

Plaintiff Cleo Barry is a competent adult and a resident of the City of San Diego. (FAC ¶ 1.)  Defendant City of San Diego is a California municipal public entity, which manages and operates the City of San Diego Police Department ("SDPD") and its officers.

(*Id.* ¶ 2.)  Defendant Nicolas Medina ("Officer Medina") was employed as an SDPD law enforcement officer at the time of the alleged violations. (*Id.* ¶ 3.)  DOE Defendants 1-20 are individuals employed as law enforcement officers by the City of San Diego and/or the SDPD at the time of the alleged violations.  (*Id.* ¶ 4.)

## II.    Factual Background[1]

On or around August 14, 2024, Officer Medina issued Plaintiff a citation for unlawfully residing in a homeless encampment in the City of San Diego.  (FAC ¶ 10.)  The next day, Officer Medina approached Plaintiff while he was "peacefully situated" on the 1400 block of B Street near San Diego City College.  (*Id.* ¶ 11.)  Plaintiff told Officer Medina not to touch him.  (*Id.* ¶ 12).  "Plaintiff words (only) were defensive because, approximately one year earlier during a prior arrest for suspected unlawful camping, Officer Medina violently attacked Plaintiff during which time he broke Plaintiff's shoulder."  (*Id.*)  In response, Officer Medina said to Plaintiff, "I'm not done with you." (*Id.* ¶ 13.)  Plaintiff was with his friend, Mary Stephens, at the time when Officer Medina approached.  (*See id.* ¶ 14.)  DOE Defendant 1 placed Ms. Stephens under arrest and secured her in the back of an SDPD patrol vehicle, "for the purpose of removing a witness from the scene."  (*Id.*)

Officer Medina then placed Plaintiff in handcuffs, which Plaintiff did not resist.  (*Id.* ¶ 15.)  When Plaintiff asked Officer Medina why he was being arrested, neither Officer Medina nor DOE Defendants 2 and 3—who were standing "very close by"—responded. (*Id.* ¶ 16.)  "DOE Defendant 2 [then] asked Officer Medina if his body-worn camera was recording, to which Officer Medina indicated it was not."  (*Id.* ¶ 17.)  Officer Medina "then choked Plaintiff with his left hand and, with a closed right fist, punched Plaintiff (still handcuffed) in the face approximately three to four times."  (*Id.* ¶ 18.)  Plaintiff's nose was broken as a result.  (*See id.*)  Next, Officer Medina "violently slammed Plaintiff down to

---

[1]    For purposes of Defendants' Motion, the facts alleged in the FAC are accepted as true.  *See Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

25-CV-2465 TWR (MMP)

the pavement, fracturing his right shoulder" and "drove his knee into Plaintiff's upper back—near his neck—and punched Plaintiff three to four more times in the back of the head, while Plaintiff remained handcuffed." (*Id.* ¶¶ 19–20.) San Diego Fire Department ("SDFD") paramedics responded to the scene. (*Id.* ¶ 25.) Officer Medina insisted Plaintiff be transported directly to jail, but SDFD instead transported Plaintiff to a hospital. (*See id.*) "During his emergency room visit following the incident, Plaintiff's injuries were confirmed to be consistent with blunt force trauma." (*Id.* ¶ 24.) No criminal charges were filed against Plaintiff following the incident and "[t]he only citation issued was for the prior day's supposed unlawful homeless encampment." (*Id.* ¶ 29.)

### III.   Procedural Background

Plaintiff's FAC alleges the following causes of action: (1) Excessive Force – Fourth Amendment (42 U.S.C. § 1983), against Officer Medina and DOE Defendants 1-20; (2) Failure to Intervene (42 U.S.C. § 1983), against DOE Defendants 1-20; (3) Conspiracy to Violate Civil Rights (42 U.S.C. § 1983), against Officer Medina and DOE Defendants 1-20; (4) Battery (Cal. Gov. Code § 820), against Officer Medina, the City of San Diego, and DOE Defendants 1-20; (5) Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1), against Officer Medina, the City of San Diego, and DOE Defendants 1-20; and (6) Negligence (Cal. Gov. Code § 820), against Officer Medina, the City of San Diego, and DOE Defendants 1-20. (*See generally* FAC.) On December 19, 2025, Officer Medina and the City of San Diego (collectively, the "Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot.) Specifically, Defendants seek dismissal of Plaintiff's first, second, third, and sixth causes of action. (*See generally id.*)

### LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to

3

state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). If the court dismisses a complaint for failure to state a claim under Rule 12(b)(6), the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) (internal quotations omitted).

## DISCUSSION

As a threshold matter, Defendants contend that "[i]f this Court finds Plaintiff has only pleaded individual capacity claims in the first three counts of Plaintiff's FAC, Defendants withdraw their argument related to Plaintiff's failure to plead *Monell* liability against the City." (Reply at 3.) But none of the first three causes of action name the City of San Diego. (*See generally* FAC.) Consequently, the Court understood that Plaintiff brought these causes of action against Officer Medina and/or DOE Defendants 1-20 in their individual capacities only. At the hearing, Plaintiff confirmed the Court's understanding is correct. (*See* ECF No. 14.) Accordingly, with respect to the first, second, and third

causes of action, the Court considers only whether Plaintiff sufficiently pleaded his claims against Officer Medina and/or DOE Defendants 1-20 in their individual capacities.

**I.      Plaintiff's First Cause of Action: Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983)**

### A.      Officer Medina

Defendants argue Plaintiff fails to plead an excessive force claim against Officer Medina in his individual capacity. (Mot. at 4.) The requirements for relief under Section 1983 are: (1) a violation of rights protected by the Constitution or federal statute, (2) proximately caused, (2) by conduct of a person, (3) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Moreover, "[a] Fourth Amendment excessive force § 1983 claim is cognizable where [police] officers employed an objectively unreasonable amount of force under the totality of the circumstances." *Hills v. City of Chula Vista*, No. 23-CV-1067-DMS-DDL, 2024 WL 4896588, at *5 (S.D. Cal. Nov. 26, 2024) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)) (internal quotations omitted). In determining whether an officer's use of force was excessive, courts consider "(1) the type and amount of force inflicted, (2) the severity of the crime at issue, (3) whether the suspect posed an immediate threat to the safety of the officers or others, and (4) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *O'Doan v. Sanford*, 991 F.3d at 1027, 1037 (9th Cir. 2021).

Officer Medina, while acting under color of state law and within the course and scope of his employment with the SDPD, "choked Plaintiff with his left hand and, with a closed right fist, punched Plaintiff (still handcuffed) in the face approximately three to four times." (FAC ¶ 18.) Officer Medina also "violently slammed Plaintiff down to the pavement, fracturing his right shoulder" and "drove his knee into Plaintiff's upper back—near his neck—and punched Plaintiff three to four more times in the back of the head, while Plaintiff remained handcuffed." (*Id.* ¶¶ 19–20.) As pleaded, Officer Medina's conduct is consistent with what the Ninth Circuit considers a significant use of force. *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1055 (9th Cir. 2007) (finding an officer throwing a

suspect to the floor, placing his knee on the suspect's back, and punching him in the face constitutes "extremely severe" force).  Moreover, unlawfully residing in a homeless encampment is not a severe crime.  *See* SAN DIEGO, CAL., MUN. CODE § 63.0401 *et seq.* (2023).  Considering Plaintiff did not pose an immediate threat to the safety of Officer Medina or others, and did not resist arrest, the Court **FINDS** Plaintiff's allegations, as pleaded, are sufficient to state an excessive force Section 1983 claim against Officer Medina in his individual capacity.  Accordingly, the Court **DENIES** Defendants' Motion to the extent it seeks dismissal of Plaintiff's first cause of action against Officer Medina.

### B.   DOE Defendants 1-20

Regarding Plaintiff's excessive force Section 1983 claim against DOE Defendants 1-20, the Court **GRANTS** Defendants' Motion because the entirety of Plaintiff's pleadings under the first cause of action refer exclusively to Officer Medina's conduct.  (*See* FAC ¶¶ 30–39.)  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the first cause of action as to DOE Defendants 1-20 in their individual capacities.

## II.   Plaintiff's Second Cause of Action: Failure to Intervene (42 U.S.C. § 1983)

Police officers have a duty to intervene if fellow officers violate the constitutional rights of a citizen in their presence and can be held liable for failing to intervene if they had an opportunity to do so.  *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000.)  However, "bystander officers only have a duty to stop a violation when they know or have reason to know of the constitutional violation."  *Monteilh v. Cnty. of Los Angeles*, 820 F. Supp. 2d 1081, 1092 (C.D. Cal. 2011) (collecting cases).

Plaintiff pleads that DOE Defendants 1, 2, and 3 had a duty to intervene to stop Officer Medina's use of excessive force against him as well as a reasonable opportunity to intervene, but failed to do so.  (FAC ¶¶ 41–43.)  Plaintiff also pleads that DOE Defendants 1-20 were employed as law enforcement officers by the City of San Diego and/or the SDPD and standing near Officer Medina and Plaintiff at the time of the alleged violation.  (*See* FAC ¶¶ 4, 42.)  Considering Officer Medina's conduct, as pleaded, constitutes "excessive force," (*see supra* Discussion Section I.A.), the Court **FINDS** Plaintiff's allegations

25-CV-2465 TWR (MMP)

sufficient to plausibly allege DOE Defendants 1, 2, and 3 knew or had reason to know Officer Medina's conduct violated Plaintiff's constitutional rights.  Accordingly, to the extent Defendants' Motion seeks to dismiss Plaintiff's second cause of action, the Court **DENIES** the Motion.

### III.   Plaintiff's Third Cause of Action: Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)

Defendants argue Plaintiff fails to state a cognizable conspiracy claim because "Plaintiff's allegations do not explain why the decision to disable body-worn cameras is a constitutional deprivation or how not recording interactions violated his constitutional rights." (Mot. at 6 (citations and internal quotations omitted).)  In response, Plaintiff argues he does not allege that disabling body-worn cameras alone constitutes a violation of his constitution rights.  (Opp'n at 4.)  "Rather, Plaintiff alleges that Officer Medina and other officers agreed to disable or obstruct body-worn cameras as an overt act in furtherance of a conspiracy to use excessive force against a handcuffed, compliant arrestee without accountability." (*Id.*)  For the reasons stated below, the Court agrees with Plaintiff.

To state a conspiracy claim under Section 1983, a plaintiff must plead facts with sufficient particularity to show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional violation.  *Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012) (collecting cases).  "The agreement need not be overt and can be inferred from the actions of the Defendants." *Davis*, 901 F. Supp. 2d at 1217 (citing *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010)).  However, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff pleads that Officer Medina and DOE Defendants 1, 2, and 3 knowingly entered into an agreement to deprive Plaintiff of his Fourth Amendment right to be free from unreasonable force.  (FAC ¶ 46.)  Plaintiff specifically alleges Officer Medina and DOE Defendants 1, 2, and 3 coordinated to disable or obstruct recording devices, isolate

Plaintiff from witnesses, and permit Officer Medina's "planned assault" to occur without accountability. (*Id.*) "Their concerted acts—verbal confirmation that cameras were off, physical repositioning to obstruct the scene, and deliberate non-intervention—constituted overt acts in furtherance of that unlawful conspiracy." (*Id.*)

As pleaded, the Court **FINDS** Plaintiff's third cause of action sufficiently states a conspiracy claim under Section 1983 because Plaintiff "allege[s] facts with sufficient particularity to show an agreement or a meeting of the minds to violate [his] constitutional rights." *Davis*, 901 F. Supp. 2d at 1216 (collecting cases). Accordingly, the Court **DENIES** Defendant's Motion to the extent it seeks to dismiss Plaintiff's third cause of action.

## IV.     Plaintiff's Sixth Cause of Action: Negligence (Cal. Gov. Code § 820)

### A.     *Section 820 Liability for Officer Medina and DOE Defendants 1-20*

"Except as otherwise provided by law, public employees in California are statutorily liable to the same extent as private persons for injuries caused by their acts or omissions . . . ." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 628–29 (2013) (citing Cal. Gov. Code § 820). Accordingly, to the extent Plaintiff seeks to assert a common law negligence claim against Officer Medina and DOE Defendants 1-20 in their individual capacities, the Court **FINDS** that California Government Code § 820 permits him to do so. *See id.* at 629 (finding, pursuant to Section 820, general principles of tort law govern when a plaintiff brings claim for negligence against a state police officer).

The relevant question is thus whether Plaintiff sufficiently pleads a claim of common law negligence against Officer Medina and/or DOE Defendants 1-20. Under California law, "in order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988).

/ / /

/ / /

### 1. *Officer Medina*

Plaintiff pleads Officer Medina owed him "a duty to exercise reasonable care in the planning and execution of all law-enforcement actions" including to use only necessary force, to deescalate when safe to do so, to avoid tactics that would foreseeably cause unnecessary injury to a handcuffed, non-resisting individual, and to promptly summon and allow medical care for visibly injured persons in their custody. (FAC ¶ 67.) California law provides that all state law enforcement agencies must maintain a policy that provides a minimum standard on the use of force and implements the following requirements: officers may only use a level of force that they reasonably believe is proportional to the seriousness of the suspected offense or the reasonably perceived level of actual or threatened resistance; officers shall utilize de-escalation techniques and other alternatives to force when feasible; and officers shall promptly procure medical assistance for persons injured in a use of force incident, when reasonable and safe to do so. *See* Cal. Gov. Code §§ 7286(b)(1), (2), and (15). Accordingly, the Court **FINDS** Plaintiff adequately pleads Officer Medina owed him a duty of reasonable care during their encounter on August 15, 2024.

Plaintiff then pleads Officer Medina breached these duties by, *inter alia*, initiating a physical confrontation without cause, failing to deescalate or await backup, striking Plaintiff while he was handcuffed and compliant, and attempting to block medical personnel from treating him despite visible bleeding. (FAC ¶ 68.) These facts, as pleaded, constitute a breach of Officer Medina's duty of reasonable care he owed Plaintiff during their encounter on August 15, 2024. Next, Plaintiff pleads Officer Medina's conduct (*i.e.*, his use of excessive force against Plaintiff) was a direct and proximate cause of his physical pain and bodily injuries, "including soft tissue injuries and ligament damage to his right knee, in addition to emotional distress." (FAC ¶ 70.) These facts, as pleaded, constitute the proximate or legal cause of Plaintiff's resulting injury. Accordingly, accepting Plaintiff's allegations as true, the Court **FINDS** Plaintiff sufficiently pleads a claim of negligence against Officer Medina under California law.

25-CV-2465 TWR (MMP)

The remaining question is whether Officer Medina's negligent conduct is subject to any state law immunities. Importantly, "California denies immunity to police officers who use excessive force in arresting a suspect." *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (collecting cases). Because Plaintiff's negligence claim arises from Officer Medina's use of excessive force against him, the Court **FINDS** Officer Medina is not immune from this suit under California law. Accordingly, to the extent Defendant's Motion seeks to dismiss Plaintiff's sixth cause of action against Officer Medina, the Court **DENIES** the Motion.

### 2. DOE Defendants 1-20

Regarding DOE Defendants 1-20, Plaintiff pleads facts regarding their duties to exercise reasonable care and their breach of those duties only. (*See* FAC ¶¶ 67–68.) Problematically, Plaintiff pleads no facts consistent with the remaining elements of negligence (*i.e.*, causation and injury). (*See generally id.*) Accordingly, the Court **FINDS** Plaintiff's common law negligence claim against DOE Defendants 1-20 is insufficiently plead as a matter of law. The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth cause of action against DOE Defendants 1-20.

### B. City of San Diego

With respect to the City of San Diego, Plaintiff pleads "Officer Medina's negligence was committed within the scope of his employment" and thus "the City is vicariously liable for state law torts committed by Officer Medina, including his negligence, pursuant to California Governmental Code section 815.2(a)." (FAC ¶ 71.) Defendants argue that Plaintiff's negligence claim against the City of San Diego fails as a matter of law because there is no statute that provides for liability against the City for general negligence. (Mot. at 7 (citing Cal. Gov. Code §§ 810–998.3).) For the reasons below, Plaintiff is correct.

Pursuant to California Government Code § 815.2(a), a public entity is liable for an injury caused by an act or omission of an employee within the scope of his employment if the act or omission would have given rise to a cause of action against that employee. *See Hayes*, 57 Cal. 4th at 629 ("[P]ublic entities are generally liable for injuries caused by the

25-CV-2465 TWR (MMP)

negligence of their employees acting in the scope of their employment.") A public entity is not liable for an injury resulting from an act or omission of an employee of the public entity, however, if the employee himself is immune from liability. *See* Cal. Gov. Code § 815.2(b); *see also White v. Cnty. of Orange*, 166 Cal.App.3d 566, 570 (1985) ("[I]n governmental tort cases, the rule is liability, immunity is the exception") (citations and internal quotations omitted).

Considering Officer Medina acted within the scope of his employment, (*see* FAC ¶ 71), and the Court's finding that Officer Medina is not immune from liability regarding his negligent conduct, (*see supra* Discussion Section IV.A.1), the Court **FINDS** the City of San Diego is not immune from negligence liability either. Accordingly, to the extent Defendants' Motion seeks dismissal of Plaintiff's sixth cause of action against the City of San Diego, the Motion is **DENIED**.

**CONCLUSION**

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. In particular, the Court **DISMISSES WITHOUT PREJUDICE** the first and sixth causes of action as they pertain to DOE Defendants 1-20. Plaintiff **SHALL FILE** a Second Amended Complaint within twenty-one (21) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: March 24, 2026

Honorable Todd W. Robinson
United States District Judge