UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CLEO BARRY,
Plaintiff,
v.
CITY OF SAN DIEGO, et al.,
Defendants.

Case No.: 25-CV-2465 TWR (MMP)

**ORDER GRANTING IN PART AND DENYING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

(ECF No. 17)

Presently before the Court is Defendants Nicolas Medina and the City of San Diego's Motion to Dismiss Plaintiff Cleo Barry's Second Amended Complaint ("Mot.," ECF No. 17), as well as Plaintiff's Response in Opposition to ("Opp'n," ECF No. 19), and Defendants' Reply in Support of ("Reply," ECF No. 20) the Motion. The Court heard oral arguments on July 2, 2026. Having carefully considered Plaintiff's Second Amended Complaint ("SAC," ECF No. 16.), the Parties' arguments, and the relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion (ECF No. 17).

**BACKGROUND**

**I. The Parties**

Plaintiff Cleo Barry is a competent adult and a resident of San Diego. (SAC ¶ 1.) Defendant City of San Diego (the "City") is a California municipal public entity, which manages and operates the San Diego Police Department ("SDPD") and its officers. (*Id.*

¶ 2.) Defendants Nicolas Medina ("Officer Medina") and SDPD Officer 2 are individuals who were employed as an SDPD law enforcement officers at the time of the alleged violations. (*Id.* ¶ 3.) DOE Defendants 1–20 are individuals employed as law enforcement officers by the City and/or the SDPD at the time of the alleged violations. (*Id.* ¶ 4.)

## II. Factual Background[1]

On or around August 14, 2024, Officer Medina issued Plaintiff a citation for unlawfully residing in a homeless encampment in the City. (SAC ¶ 10.) The next day, Officer Medina and SDPD Officer 2 approached Plaintiff while he was "peacefully situated" with his friend Mary Stephens on the 1400 block of B Street near San Diego City College. (*Id.* ¶ 11.) Officer Medina began putting on disposable gloves. (*Id.* ¶ 12.) When Plaintiff asked why he was putting them on, Officer Medina responded, "Oh, you know why I'm putting my gloves on." (*Id.*) Plaintiff remarked, "So you're going to fuck me up again?," referring to his prior encounter with Officer Medina approximately one year earlier, when Officer Medina violently attacked Plaintiff during an arrest for suspected unlawful camping and broke Plaintiff's shoulder. (*Id.* ¶ 13.)

Plaintiff was visibly anxious. (*Id.* ¶ 15.) Mary Stephens urged Plaintiff to calm down while Plaintiff repeatedly stated that Officer Medina was harassing him. (*Id.*) Officer Medina heard Plaintiff and sarcastically remarked, "You can't park here, sir." (*Id.* ¶ 16.) Plaintiff stood up and began dismantling his tent, stating, "You're not touching my shit." (*Id.* ¶ 17.) Plaintiff then stepped toward Officer Medina with his arms at his sides and stated, "I'll knock your ass out." (*Id.* ¶ 18.)

In response, Officer Medina pushed Plaintiff to the ground, and told Plaintiff, "You're not going to approach . . . . You're not going to threaten me." (*Id.* ¶ 19.) Plaintiff shouted insults at Officer Medina and began to collect his belongings and placed them into

---

[1] For purposes of Defendants' Motion, the facts alleged in the First Amended Complaint are accepted as true. *See Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Moreover, the Court does not consider Defendant's factual allegations in the context of a 12(b)(6) motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

his backpack. (*Id.* ¶ 20.) SDPD Officer 2 then walked over Plaintiff's tent, crushing the items inside. (*Id.* ¶ 21.) Plaintiff backed away and tripped, causing him to fall onto his back. (*Id.* ¶ 22.) SDPD Officer 2 moved to arrest Plaintiff, ordering him to put his hands behind his back. (*Id.* ¶ 23.)

Still on the ground, Plaintiff flailed his arms but did not strike SDPD Officer 2. (*Id.*) Officer Medina grabbed Plaintiff's arms to restrain him while Plaintiff continued to flail and repeatedly stated that he had "done nothing wrong." (*Id.* ¶ 24.) Plaintiff then rose to his knees and SDPD Officer 2 placed his hands on Plaintiff's back while Officer Medina grabbed the back of Plaintiff's neck area and forced him down again. (*Id.* ¶ 25.) Plaintiff fell onto his back and Officer Medina placed his hand on Plaintiff's neck, applying pressure while ordering Plaintiff to "face the ground." (*Id.* ¶ 25.)

Plaintiff verbally protested but did not strike either officer. (*Id.* ¶ 26.) Officer Medina then punched Plaintiff three times in the face with a closed fist. (*Id.* ¶ 27.) Plaintiff began bleeding and raised his hands. (*Id.* ¶ 28.) Again, Officer Medina punched Plaintiff three times with a closed fist. (*Id.*) Officer Medina and SDPD Officer 2 then placed Plaintiff in handcuffs. (*Id.* ¶ 29.) Plaintiff screamed in pain and stated, "You hit me in my face," to which Office Medina responded, "I told you . . . don't threaten me." (*Id.* ¶ 30.)

"Plaintiff suffered severe physical pain, severe emotional distress and bodily injuries – including, but not limited to, a broken nose, a fractured/dislocated right shoulder, and significant bruising, abrasions, and scratches to his upper back, knees, and face." (*Id.* ¶ 32.) "During his emergency room visit following the incident, Plaintiff's injuries were confirmed to be consistent with blunt force trauma." (*Id.*) No criminal charges were filed against Plaintiff following the incident and "[t]he only citation issued was for the prior day's supposed unlawful homeless encampment." (*Id.* ¶ 33.)

## III. Procedural Background

Plaintiff's First Amended Complaint alleged following causes of action: (1) Excessive Force – Fourth Amendment (42 U.S.C. § 1983), against Officer Medina and Does 1–20; (2) Failure to Intervene (42 U.S.C. § 1983), against Does 1–20; (3) Conspiracy

to Violate Civil Rights (42 U.S.C. § 1983), against Officer Medina and Does 1–20; (4) Battery (Cal. Gov. Code § 820), against Officer Medina, the City, and Does 1–20; (5) Violation of the Tom Bane Civil Rights Act ("Bane Act," Cal. Civ. Code § 52.1), against Officer Medina, the City, and Does 1–20; and (6) Negligence (Cal. Gov. Code § 820), against Officer Medina, the City, and Does 1–20. (*See generally* ECF No. 4 ("FAC").) On December 19, 2026, Defendants moved to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as to Plaintiff's first, second, third, and sixth causes of action. (ECF No. 8.) The Court granted the motion in part, dismissing the first and sixth causes of action as they pertained to Does 1–20. (ECF No. 15 (the "Prior Order") at 11.)

On April 14, 2026, Plaintiff's filed the operative Second Amended Complaint alleging the following causes of action: (1) Excessive Force – Fourth Amendment (42 U.S.C. § 1983), against Officer Medina; (2) Retaliation – First Amendment (42 U.S.C. § 1983), against Officer Medina; (3) Battery (Cal. Gov. Code § 820), against Officer Medina and the City; (4) Violation of the Bane Act (Cal. Civ. Code § 52.1), against Officer Medina and the City; and (5) Negligence (Cal. Gov. Code § 820), against Officer Medina, the City, and Does 1–20. (*See generally id.*) On April 28, 2026, Officer Medina and the City filed the instant Motion pursuant to Rule 12(b)(6) seeking to dismiss Plaintiff's second, third, fourth, and fifth causes of action. (*See* Mot.; *see also* ECF No. 17-1 ("Mem."))

**LEGAL STANDARD**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

/ / /

theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

If the court dismisses a complaint for failure to state a claim under Rule 12(b)(6), the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## DISCUSSION

### I. Second Cause of Action: First Amendment Retaliation (42 U.S.C. § 1983)

To state a claim for First Amendment retaliation, a plaintiff must allege (1) he engaged in a constitutionally protected activity, (2) he was subjected to an adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the activity, and (3) there was a substantial causal relationship between the protected activity and the adverse action. *Ballentine v. Tucker* 28 F.4th 54, 58 (9th Cir. 2022).

As a threshold matter, Defendants argue Plaintiff's second cause of action against Officer Medina should be dismissed because Plaintiff fails to allege the absence of probable cause for his arrest. (Mem. at 4.) But because Plaintiff specifically pleads a retaliatory force claim—as opposed to a retaliatory arrest claim—he does not have to allege that

Officer Medina had no probable cause for arresting him. (*See* SAC ¶ 47.) Plaintiff pleads that he made a statement, Officer Medina took adverse action (*i.e.*, used excessive force) against him in response to that statement, and Plaintiff's statement was a substantial factor in Officer Medina's decision to use such force against Plaintiff, thereby facially satisfying all the requisite elements of a retaliatory force claim. (*Id.* ¶¶ 44–52.)

Officer Medina also argues, however, that Plaintiff's statement to him—"I'll knock your ass out"—constitutes a true threat that is not protected under the First Amendment. (Mem. at 5); *see also Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 746 (9th Cir. 2021). True threats are statements made where the speaker means to communicate a serious expression of intent to commit an act of unlawful violence to a particular individual, even if the speaker does not intend to carry out the threat. *Virginia v. Black*, 528 U.S. 343, 359 (2003). In civil cases, the Ninth Circuit applies an objective test to determine "whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." *Thunder Studios*, 13 F.4th at 746 (internal quotations and citations omitted); *see Roy v. United States*, 416 F.2d 874, 878 (9th Cir. 1969). The Ninth Circuit also considers the factual context, including surrounding events and reaction of the listeners, in determining whether speech is a true threat. *See Thunder Studios*, 13 F.4th at 746 (citations omitted). "Even a statement that appears to threaten violence may not be a true threat if the context indicates that it only expressed political opposition or was emotionally charged rhetoric." *Id.* (collecting cases).

Plaintiff alleges that, after being approached and confronted by Officer Medina and SDPD Officer 2 for unlawfully having a tent and personal belongings on or adjacent to the sidewalk, Plaintiff took several steps towards Officer Medina and stated, "I will knock your ass out." (*See* SAC ¶ 18.) However, Plaintiff alleges he then engaged in constitutionally protected speech when he "verbally complained that Officer Medina was targeting and harassing him" and when he "continued to protest Officer Medina's conduct and stated that he had 'done nothing wrong.'" (*Id.* ¶¶ 45–46.) Plaintiff also alleges that the "temporal

proximity between Plaintiff's protected speech and Officer Medina's use of force, together with Officer Medina's statements – including, 'I told you . . . don't you threaten me,' . . . demonstrate a causal connection between Plaintiff's speech and the adverse action taken against him." (*Id.* ¶ 50.)

Taking Plaintiff's allegations in the Second Amended Complaint as true, and drawing all reasonable inferences in Plaintiff's favor, the Court cannot conclude that Plaintiff's statements were a "serious expression of an intent to commit an action of unlawful violence" against Officer Medina. *See Boquist v. Courtney*, 32 F.4th 764, 782 (9th Cir. 2022) (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)). Because the Court cannot conclude that Plaintiff "can prove no set of facts to support" his claims, Plaintiff's First Amendment retaliation claim survives a motion to dismiss. *See id.* (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)). The Court thus **DENIES IN PART** the Motion as to Plaintiff's second cause of action.

## II. Third Cause of Action: Battery (Cal. Gov. Code § 820)

To state a claim for a battery under California law, a plaintiff must allege that (1) the defendant touched the plaintiff with the intent to harm or offend them, (2) the plaintiff did not consent to the touching, and (3) the plaintiff was harmed or offended by the defendant's conduct. Judicial Council of California Civil Jury Instructions ("CACI") No. 1300; *see also Brown v. Ransweiler* 171 Cal. App. 4th 516, 526–27 (2009). Because a law enforcement officer "may use reasonable force to make an arrest, prevent escape[,] or overcome resistance, and need not desist in the face of resistance," *see Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102, *as modified on denial of reh'g* (Aug. 17, 2004) (quoting Cal. Pen Code § 835a(b)), *disapproved of on other grounds by Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622 (2013), to prevail on a claim of battery against a law enforcement officer, a plaintiff must also plead that the officer used unreasonable force. CACI No. 1305A; *see also Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1275 (1998).

/ / /

/ / /

### *A. Officer Medina*

Defendants argue that Plaintiff's battery claim against Officer Medina should be dismissed because Plaintiff failed to plead that Officer Medina used unreasonable force. (Mem. at 5–6.) In response, Plaintiff argues the Court should deny Defendants' Motion pursuant to Rule 12(g)(2), (Opp'n at 6–7), or, alternatively, because the Second Amended Complaint sufficiently pleads that Officer Medina used unreasonable force. (*Id.* at 7.)

Regarding Plaintiff's first argument, Rule 12(g)(2) states that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under Rule 12 must not make another motion under Rule 12 raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) allows a party to argue failure to state a claim upon which relief can be granted in any pleading allowed or ordered under 7(a), by a motion under Rule 12(c), or at trial. Notably, Rule 12(h)(2) does not include an exception for subsequent motions to dismiss.

Plaintiff's First Amended Complaint alleged a battery claim against Officer Medina, (*see* FAC ¶ 51), and Defendants failed to challenge Plaintiff's battery claim in their first motion to dismiss, (*see generally* ECF No. 8). The Court therefore could deny in part Defendant's Motion for violating Rule 12(g)(2); however, it is this Court's preference to decide issues on the merits when possible. Accordingly, the Court considers Defendants' arguments regarding the sufficiency of Plaintiff's battery claim against Officer Medina.[2]

For a battery claim against a law enforcement officer, California applies an objective test to determine whether the officer's use of force was unreasonable under the totality of the circumstances. *See Brown*, 171 Cal. App. 4th at 527–28. Similarly, a Fourth Amendment excessive force claim under 42 U.S.C. § 1983 "is cognizable where [law enforcement] officers employed an objectively unreasonable amount of force under the

---

[2] Indeed, Plaintiff challenged Defendants' Motion under Rule 12(g)(2) as to his third cause of action (battery), fourth cause of action (Bane Act), and fifth cause of action (negligence), all against both Officer Medina and the City. For the same reason, the Court acknowledges Plaintiff's objection but nevertheless considers Defendants' arguments on the merits. *See generally infra.*

totality of the circumstances." *Hills v. City of Chula Vista*, No. 23-CV-1067-DMS-DDL, 2024 WL 4896588, at *5 (S.D. Cal. Nov. 26, 2024) (internal quotations omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). With respect to Defendants' prior motion to dismiss, the Court found Plaintiff's allegations that Officer Medina's use of a closed fist to strike Plaintiff in the head several times sufficiently stated a claim of excessive force in violation of 42 U.S.C. § 1983. (ECF No. 15 at 5–6.) Plaintiff's Second Amended Complaint repeats those allegations regarding Plaintiff's first cause of action, (*see* SAC ¶¶ 34–43), which Defendants do not argue should be dismissed for failure to state a claim, (*see generally* Mem.; Reply).

Considering the Second Amended Complaint again alleges that Officer Medina placed his hand on Plaintiff's neck and punched him several times in the face with a closed fist while he laid on the ground, (*see* SAC ¶¶ 25–28), and the Court's previous holding that this use of force, as pleaded, is objectively unreasonable under the totality of the circumstances, the Court finds Plaintiff's allegations sufficient to state a battery claim against Officer Medina. Accordingly, the Court **DENIES IN PART** the Motion as to Plaintiff's third cause of action against Officer Medina.

### *B. City*

Under California law, a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee. Cal. Gov. Code § 815.2(a).

Defendants argue that Plaintiff cannot allege vicarious liability against the City vicarious liability is limited to cases involving gross negligence or bad faith. (Mem. at 7 (citing *Eastburn v. Regional Fire Protection Authority*, 31 Cal. 4th 1175, 1180 (2003)).) But the case on which Defendants rely, *Eastburn*, is inapposite to the facts of this case. In *Eastburn*, the Supreme Court of California specifically addressed whether public entities employing emergency dispatch services are subject to vicarious liability for injury attributable to a dispatcher's tortious conduct, finding that vicarious liability under Section

815.2(b) attached only in cases involving gross negligence or bad faith. *See* 31 Cal. 4th 1178 (citing Health & Saf. Code § 1799.107). Because Defendants cite no applicable authority for the proposition that the City cannot be liable for Officer Medina's tortious conduct, (*see generally* Mem.; Reply), the Court finds Plaintiff sufficiently pleads a battery claim against the City. Thus, the Court **DENIES IN PART** the Motion as to Plaintiff's third cause of action against the City.

**III. Fourth Cause of Action: Violation of the Bane Act (Cal. Civ. Code § 52.1)**

To state a claim under the Bane Act, a plaintiff must allege that (1) the defendant intentionally interfered or attempted to interfere with the plaintiff's federal, constitutional, or legal right; and (2) the defendant's interference or attempted interference was by threats, intimidation, or coercion. *Wiley v. Kern High Sch. Dist.,* 107 Cal. App. 5th 765, 774 (2024).

***A. Officer Medina***

Defendants argue that, under the Bane Act, the alleged misconduct must involve threats, intimidation, or coercion independent of any inherent in the underlying constitutional violation. (Mem. at 8.) Defendants contend the Second Amended Complaint fails to allege such misconduct, and thus Plaintiff's claim against Officer Medina must be dismissed. (*Id.*) In response, Plaintiff argues that Officer Medina's use of excessive force alone is sufficient to plead a claim under the Bane Act. (Opp'n at 8–9.)

Defendants cite *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012), as authority for their argument that the threats, intimidation, or coercion must be separate from any threats, intimidation, or coercion inherent in the constitutional violation. (*See* Mem. at 8.) However, *Shoyoye* is limited to cases involving "mere negligence." *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 799–800 (2017)). Consequently, contrary to Defendants' assertions otherwise, to state a claim for violation of the Bane Act, the defendant's use of excessive force alone can be enough to satisfy the threats, intimidation, or coercion element. *Id*. In other words, the Bane Act does not require the threats,

intimidation, or coercion to be "transactionally independent" from the alleged constitutional violation in this case. *Id.* (citing *Cornell*, 17 Cal. App. 5th at 799–800). Thus, Plaintiff's claim that Officer Medina's conduct constitutes a Fourth Amendment excessive force violation under 42 U.S.C. § 1983, (*see* SAC ¶¶ 34–43)—which Defendants do not contest, (*see generally* Mem.; Reply)—fulfills the threats, intimidation, or coercion element of Plaintiff's Bane Act claim. The Court therefore finds Plaintiff's allegations sufficient to state a claim for violation of the Bane Act against Officer Medina and **DENIES IN PART** the Motion on this ground.

***B. City***

Defendants again argue that Plaintiff cannot allege vicarious liability for Officer Medina's Bane Act violation against the City because vicarious liability is limited to cases involving gross negligence or bad faith. (Mem. at 8 (citing *Eastburn,* 31 Cal. 4th at 1180).) As explained above, *see supra* Section II.B, Defendants are incorrect. The Court therefore finds that Plaintiff alleges a claim for the City's vicarious liability for Officer Medina's violation of the Bane Act. Accordingly, the Court **DENIES IN PART** the Motion as to Plaintiff's fourth cause of action against the City of San Diego.

**IV. Fifth Cause of Action: Negligence (Cal. Gov. Code § 820)**

To plead a common law negligence claim under California law, "a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988).

***A. Officer Medina***

Defendants argue Plaintiff's negligence claim against Officer Medina should be dismissed because Plaintiff does not properly plead a statutory duty, which Defendants contend is required for a negligence claim against a law enforcement officer. (Mem. at 8–9.) In response, Plaintiff argues that Defendants misstate the law regarding what is required to plead a claim for negligence by a law enforcement officer. (Opp'n at 13–16.)

/ / /

To begin, Defendants' assertion that "[t]he basis for any negligence cause of action against an SDPD officer must be a statutory duty of care that imposes an affirmative duty on an officer and whose breach is the proximate cause of Plaintiff's injury" is incorrect as a matter of law. (*See* Mem. at 9.) As explained in the Court's Prior Order, "[e]xcept as otherwise provided by law, public employees in California are statutorily liable to the same extent as private persons for injuries caused by their acts or omissions." (Prior Order at 8 (citing *Hayes*, 57 Cal. 4th 628–29 (citing Cal. Gov. Code § 820)).) Thus, to the extent Plaintiff seeks to assert a common law negligence claim against Officer Medina in his individual capacity, California Government Code § 820 permits him to do so. (*Id.* (citing *Hayes*, 57 Cal. 4th at 629).) In other words, Plaintiff need not plead a "statutory basis" to define the duty of care Officer Medina owed him when using force.[3]

In California, a law enforcement officer may only use reasonable force to arrest, detain, prevent escape of, or overcome resistance by a person when the officer has reasonable cause to believe that person has committed or is committing a crime. Cal. Gov. Code § 835a(b). "The reasonableness of an officer's conduct is determined in light of the totality of circumstances." *Hayes*, 57 Cal. 4th at 629 (collecting cases); *see also* Cal. Gov. Code § 835a(a)(4) ("[T]he decision by a peace officer to use force shall be evaluated from

---

[3] The Court notes that Plaintiff's negligence allegations against Officer Medina have not materially changed from the First Amended Complaint to the operative Second Amended Complaint. (*Compare* FAC ¶¶ 66–70, *with* SAC ¶¶ 69–72.) The Court further notes that, in their prior motion to dismiss, Defendants argued that, absent a statutory basis, Plaintiff's allegation of general negligence was "deficient as a matter of law." (ECF No. 8 at 8.) The Court rejected this argument, explaining that California law expressly permits a plaintiff to assert a common law negligence claim against a public employee—including a law enforcement officer—for injuries caused by his acts or omissions to the same extent as a private person. (Prior Order at 8 (citing *Hayes*, 57 Cal. 4th at 628–29 (citing Cal. Gov. Code § 820)).) Defendants did not file a motion for reconsideration. (*See generally* Docket.) Nonetheless, Defendants'Motion again argues, without any supporting authority, that "[t]he basis for any negligence cause of action against an SDPD officer must be a statutory duty of care[.]" (Mem. at 11.) Not only do Defendants misstate California law, but they also ignore the fact that the Court already found in its Prior Order that Plaintiff sufficiently pleaded a claim of general negligence against Officer Medina. (*See* Prior Order at 9.) The Court will not entertain any additional arguments from Defendants that Plaintiff must plead a statutory duty of care to assert a claim of negligence against Officer Medina.

the perspective of a reasonable officer in the same situation, based on the totality of the circumstances known to or perceived by the officer at the time."). Accordingly, law enforcement officers in California have a duty to exercise reasonable care when using force, and breach of that duty may give rise to negligence liability. *See* CACI No. 440 ("Negligent Use of Nondeadly Force by Law Enforcement Officer in Arrest or Other Seizure").

Plaintiff pleads that Officer Medina owed him a duty to exercise reasonable care, including "using only such force as was reasonably necessary under the circumstances." (SAC ¶ 70.) Plaintiff further pleads "Officer Medina breached these duties by, among other things, striking Plaintiff multiple times in the face with a closed fist under circumstances where such force was not reasonably necessary" and, "[a]s a direct and proximate result of Defendants' conduct, Plaintiff suffered severe physical pain, severe emotional distress[,] and bodily injuries – including, but not limited to, a broken nose[;] a fractured/dislocated right shoulder[;] and significant bruising, abrasions, and scratches to his upper back, knees, and face." (*Id.* ¶¶ 72, 75.) Accordingly, the Court finds Plaintiff's allegations sufficient to plead a claim of negligence against Officer Medina under California law and **DENIES IN PART** the Motion as to Plaintiff's fifth cause of action against Officer Medina.

***B. City***

Defendants again argue that the City cannot be vicariously liable for Officer Medina's acts because vicarious liability is limited to cases involving gross negligence or bad faith. (Mem. at 12 (citing *Eastburn,* 31 Cal. 4th at 1180).) The Court again rejects this argument, for the same reasons as explained above. *See supra* Sections II.B, III.B. Accordingly, the Court finds Plaintiff sufficiently pleads a claim of negligence against the

/ / /

/ / /

/ / /

/ / /

City under California law and **DENIES IN PART** the Motion as to Plaintiff's fifth cause of action against the City.[4]

### *C. Does 1–20*

Defendants argue that Plaintiff fails to allege facts to show each Doe defendant personally violated his constitutional rights, (Mem. at 10 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)), and that the Second Amended Complaint "does not contain any discernible arguments that allege how the unknown Doe defendants violated his rights or what these same Doe defendants did that caused Plaintiff's constitutional injuries," (*id.* at 10–11 (citing SAC ¶ 4)).

As an initial matter, Plaintiff's only claim against Does 1–20 is for negligence. (*See generally* SAC.) Because Plaintiff need not plead a constitutional violation to allege a viable claim for negligence under California law, the Court rejects Defendants' arguments to the extent they relate to Plaintiff's constitutional rights.

Defendants also argue that "Plaintiff attempts to plead the existence of Doe defendants, but does so insufficiently, other than the allegations related to Doe Defendant 2." (Mem. at 10 (citing SAC ¶¶ 4, 21–23).) Here, Plaintiff alleges that Does 1–20 owed him a duty to exercise reasonable care including, among other things, using only such force as was reasonably necessary under the circumstances, and that they breached this duty by "escalating the encounter, failing to de-escalate, and engaging in conduct that foreseeably contributed to Plaintiff's injuries, including approaching Plaintiff in an aggressive manner, interfering with Plaintiff's ability to safely gather his belongings, and initiating or participating in the physical arrest to Plaintiff," (*id.* ¶¶ 70, 73), thereby causing Plaintiff's

---

[4] The Court also notes Plaintiff's negligence allegations against the City have not materially changed from the First Amended Complaint to the operative Second Amended Complaint. (*Compare* FAC ¶ 71, *with* SAC ¶ 77.) Moreover, the Court already found in its Prior Order that Plaintiff sufficiently pleaded a claim of general negligence against the City. (*See* Prior Order at 10–11.) Accordingly, as with Plaintiff's claim for negligence against Officer Medina, *see supra* note 3, the Court will not entertain any additional arguments from Defendants that the City cannot be held vicariously liable for Officer Medina's negligence.

severe physical pain, severe emotional distress, and bodily injuries. (*See id.* ¶ 75.) The only facts Plaintiff pleads in support of these allegations, however, are specific to SDPD Officer 2. (*See id.* ¶¶ 11, 21– 22, 25, 29.) Because Plaintiff does not plead any facts supporting his negligence allegations against anyone else except Officer Medina and SDPD Officer 2, the Court finds Plaintiff fails plausibly to allege a negligence claim against Does 1–20. Accordingly, the Court **GRANTS IN PART** the Motion and **DISMISSES** Plaintiff's sixth cause of action against Does 1–20.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 17). In particular, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth cause of action as to Doe Defendants 1–20. Defendants' Motion is otherwise **DENIED**. Plaintiff **MAY FILE** an amended complaint curing the above identified deficiencies within fourteen (14) days of the electronic docketing of this Order. *Should Plaintiff fail timely to file an amended complaint, this action will proceed as to Plaintiff's surviving causes of action.*

**IT IS SO ORDERED.**

Dated: August 31, 2026

Honorable Todd W. Robinson
United States District Judge